UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FLOYD R. SNOW, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05 CV 63 DDN |
| ) | |
| MARK STEPHENS, ) | |
| LARRY BARRON, PHILLIS HOPKINS, ) | |
| DANIEL JUDD, GARY KEMPKER, ) | |
| ROBERT KILLIAN, ) | |
| UNKNOWN LUEBERS, GARY MYER, ) | |
| BRENDA REAGAN, ) | |
| JEFFREY YOUNG, and MONTY BLUM ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

This matter is before the court on the motions of defendants Blum, Stephens, Barron, Hopkins, Judd, Kempker, Killian, Myer, Young, and Luebers to dismiss (Doc. 27), and of defendant Reagan to dismiss for failure to exhaust administrative remedies (Doc. 31). The parties have consented to the authority of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 32.) A hearing was held on November 18, 2005.

**I. Background**

Plaintiff Floyd R. Snow, Jr., has brought this action under 42 U.S.C. § 1983, alleging a violation of his civil rights. (Doc. 1 at 1.) At the time the incidents alleged in his complaint occurred, plaintiff was incarcerated at the Farmington Correctional Center in Farmington, Missouri.[1] Plaintiff filed a first amended complaint on February 15, 2005. (Doc. 5.) The court dismissed the claims in the first amended complaint, and plaintiff then moved to file a second amended complaint (Doc. 15) which this court granted (Doc. 17).

---

[1]Since the incidents leading to these allegations took place, plaintiff has been relocated to the Jefferson City Correctional Center in Jefferson City, Missouri.

In his second amended complaint (Doc. 18), plaintiff alleges a violation of his civil rights by defendants Larry Barron, Phillis Hopkins, Daniel Judd, Gary Kempker, Robert Killian, Unknown Luebers, Gary Myer, Brenda Reagan, Jeffrey Young, Mark Stephens, and Monty Blum. (Doc. 18.) Defendant Kempker was, at all times relevant, the Director of the Department of Corrections for the State of Missouri. Defendant Luebers is the superintendent at the Farmington Correctional Center. Stephens is employed as an investigator at the facility, and Blum, Myer, Judd, Barron, Young, Hopkins, and Killian are correctional officers. Reagan is employed as a nurse at Correctional Medical Services and works at the Farmington Correctional Center.

In the second amended complaint (Doc. 18), plaintiff alleges defendant Stephens investigated a prison escape, which Stephens believed plaintiff knew about. After many attempts to retrieve this information from plaintiff, Stephens ordered several correctional officers to search plaintiff's cell. Plaintiff alleges Blum threatened him during the search, and, in fear of physical harm, plaintiff stepped back from Blum. Plaintiff then claims that Blum pinned him down, held him in a choke hold until he was unconscious, and when he awoke, Blum, Judd, Myer, Barron, Hopkins, Young, and an unknown officer were on top of him. At one point, plaintiff alleges he was kneed in the groin. He further alleges that defendant Reagan failed to examine his medical condition.

In addition, plaintiff contends that Blum issued a meritless conduct violation against him for the incident. He alleges his violation was afforded a hearing, and he was found guilty of assaulting staff. He then served 16 months in a maximum security cell because of that finding of guilty.

Defendants Blum, Stephens, Barron, Hopkins, Judd, Kempker, Killian, Luebers, Myer, and Young have moved to dismiss the instant amended complaint for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA). (Doc. 26.) They further argue that his complaint should be dismissed because they are not liable due to qualified immunity. Defendant Reagan also moved to dismiss (Doc. 31), arguing that plaintiff had failed to exhaust his administrative

remedies as required by the PLRA, and therefore, all claims against all defendants must be dismissed.

Plaintiff argues that he did exhaust all administrative remedies that were available to him. He argues he attempted to obtain the names of the unknown defendants so that he could name them specifically in the administrative documents he filed, but that he was met with opposition from the prison. He further argues that the defendants are not entitled to qualified immunity because it is not within the discretion of the prison employees to violate the constitutional rights of the prisoners. He agrees that any injunctive relief is moot at this point, since he is no longer incarcerated at the Farmington Correctional Center. (Doc. 34.)

**Discussion**

A motion to dismiss challenges the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6); Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Holden Farms, Inc. v. Hog Slat, Inc., 347 F.3d 1055, 1059 (8th Cir. 2003). When ruling the motion, the court must consider all facts alleged in the complaint as true, and must grant the motion only if the facts alleged do not entitle the plaintiff to relief under the law. Leatherman, 507 U.S. at 164; Knapp v. Hanson, 183 F.3d 786, 788 (8th Cir. 1999). When the plaintiff is proceeding pro se, the complaint must be interpreted liberally, and is held to a lower standard than those drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972); Atkinson v. Bohn, 91 F.3d 1127, 1130 (8th Cir. 1996).

**Failure to Exhaust**

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 524 (2002); Kozohorsky v. Harmon, 332 F.3d 1141, 1143 (8th Cir. 2003). When a prisoner has failed to exhaust his administrative remedies with respect to all of his claims against all of the defendants named in the complaint, the entire suit must be dismissed. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000); Kozohorsky, 332 F.3d at 1143; Fudge v. May, Fed. Appx. 702, 703 (8th Cir. 2003).

Before the court can determine whether plaintiff administratively exhausted his claims, it must first determine what claims plaintiff has alleged in his complaint. In his second amended complaint, plaintiff alleges that:

1. Defendant Kempker, Luebers and Stephens were deliberately indifferent to his safety, in violation of the Eighth Amendment right to be free from cruel and unusual punishment, his Fifth Amendment right to Equal Protection, and his Fourteenth Amendment right to Due Process in connection with his conduct violation hearing.

2. Defendants Blum, Myer, Judd, Barron, Young, Hopkins, and Killian violated his Eighth Amendment right to be free of cruel and unusual punishment by the use of excessive force.

3. Defendant Reagan violated his Eighth and Fourteenth Amendment rights by denying him medical care and erroneously placing him on suicide watch.

(Doc. 18 at ¶¶ 52-57.)

The Missouri Department of Corrections provides inmates with a four-step administrative grievance procedure. Foulk v. Charrier, 262 F.3d 687, 695 (8th Cir. 2001); Smith v. Stubblefield, 30 F. Supp. 2d 1168, 1174 (E.D. Mo. 1998). First, an inmate must file an Informal Resolution Request (IRR); second, he must file an Inmate Grievance if he is dissatisfied with the staff's response to his IRR; third, if denied relief, he must file an Inmate Grievance Appeal to the grievance officer, who transfers the appeal to the appropriate division; and fourth, if the first appeal is unsuccessful, he must file a second appeal. (Doc. 47 Attach. 1, Offender Grievance Manual); Smith, 30 F. Supp. 2d at 1174 (only filing of first appeal necessary for exhaustion); Foulk, 262 F.3d at 694.

Plaintiff has supplied the court with several documents recording in detail his attempt at handling these issues administratively. (Doc. 36 Exs. A-D.) Plaintiff filed an IRR on January 30, 2004. In this document, he alleged that he was assaulted by Blum and numerous other correctional officers. (Doc. 36 Ex. B.) He alleged the Missouri and federal prison policies and procedures governing all conduct violations, in connection with his proceedings and ultimate finding of a conduct violation for assault, violated his due process rights. He also alleged the Disciplinary Committee Board violated his constitutional rights. Plaintiff's IRR was found without merit.

Plaintiff then filed an Offender Grievance, step two in the inmate administrative process. He alleged the reasons stated for his denial of his IRR were incorrect. He also alleged he was put on suicide watch when he was not suicidal. The prison superintendent determined his Offender Grievance was unsupported by evidence, and that the hearing on his conduct violation was carried out in accordance with his due process rights. Plaintiff then filed an appeal based on the alleged violations of his due process rights.

Plaintiff filed a second IRR, dated February 4, 2004. (Doc. 36 Ex. A.) Plaintiff alleged defendant Blum, and two other unnamed correctional officers, used excessive force against him, in violation of his Eighth and Fourteenth Amendment rights. He further alleged other unnamed prison officials ignored his requests to be seen by the medical department for his injuries. He mentioned he was seen by a nurse, whom he does not name. He alleged prison officials showed deliberate indifference to his serious medical needs. He alleged the correctional officers are not entitled to qualified immunity because they abused their authority. (Doc. 36 Ex. A.) An investigating staff member responded to this IRR on February 24, 2004, and found his accusations "false and without merit." (Doc. 36 Ex. A at 4.)

Plaintiff then filed an Offender Grievance, the second step in the administrative process. (Doc. 36 Ex. A at 5.) He claimed that the investigation into his IRR consisted of nothing more than adopting the correctional officers' version of the facts. He continued to allege that Blum used excessive force, in violation of his Eighth, Fifth, and

Fourteenth Amendment rights, and that medical staff did not examine his injuries.

The allegations in his Offender Grievance were found to be false, and plaintiff filed an Offender Grievance Appeal, the third, and final, step in the administrative exhaustion process. See Smith, 30 F. Supp. 2d at 1174 (second appeal not necessary for exhaustion). He again alleged that Blum and "unknown correctional officers" used excessive force against him, after defendant Stephens attempted unsuccessfully to gather information from him concerning an escapee. (Doc. 36 Ex. A at 10.) He does not state in his appeal any further claims against the medical staff. His appeal was denied.

Plaintiff has not exhausted his administrative remedies, and therefore, dismissal of the entire suit is required. A plaintiff must administratively exhaust all claims against all defendants, or the entire action must be dismissed. Graves, 218 F.3d at 885; Kozohorsky, 332 F.3d at 1143. Plaintiff failed to exhaust his administrative remedies with respect to defendant Reagan. Plaintiff stated a grievance against Reagan in both his IRR and administrative grievance. (Doc. 36 Ex. A at 1, 5.) However, he abandoned this claim on appeal, because he failed to mention any references to medical staff or any nurse denying him medical care or being deliberately indifferent to his needs. (See id. at 9-14.) Therefore, he did not complete the administrative process for this claim, and the entire suit must be dismissed for failure to exhaust administrative remedies.

An order in accordance with this memorandum is filed herewith.

_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on November 28, 2005.